**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Larry Owen MANNING,
Defendant-Appellant.**

**No. 76–1015.**

United States Court of Appeals,
Sixth Circuit.

Argued June 7, 1976.

Decided Oct. 8, 1976.

J. Brooke Lathram, Burch, Porter & Johnson, Memphis, Tenn., for defendant-appellant.

Thomas F. Turley, Jr., U. S. Atty., Larry E. Parrish, Devon L. Gosnell, Memphis, Tenn., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

This is an appeal from a jury conviction for wire fraud in violation of 18 U.S.C. § 1343. Defendant-appellant used a type of signal frequency generator, commonly known as a "blue box," to circumvent the long distance billing equipment of South Central Bell Telephone Company, enabling him to make unlimited long distance calls without charge.

Defendant's first trial resulted in a mistrial, when jurors could not reach a unanimous verdict. Prior to the second trial, he filed a motion to suppress evidence obtained as a result of the electronic surveillance on his home telephone, which recorded the times of calls made, the numbers dialed and the fact that a "blue box" had been used. Only so much of a conversation was recorded as was required to verify that a call had been completed. After an evidentiary hearing, the district judge overruled the motion to suppress. The second trial resulted in a guilty verdict and defendant was sentenced to two years imprisonment, and this appeal followed.

Appellant contends that the actions of the telephone company in tapping his telephone violated the Fourth and Fourteenth Amendments and the Omnibus Crime Control Act, 18 U.S.C. §§ 2510–20, and therefore that the evidence obtained should have been suppressed by the district court. The district court, in its ruling from the bench, held that:

"... the proof conclusively shows that there was no involvement by any federal law enforcement officer ... that relates to the independent investigation of the defendant Manning's telephone by means of the device that was employed, that would even come close to making this a Fourth Amendment violation."

We hold the district court was correct in its conclusion that South Central Bell Telephone Company was not acting as an instrument or agent of the federal government, *United States v. Clegg*, 509 F.2d 605 (5th Cir. 1975), and that defendant's motion to suppress was properly denied.

As to defendant-appellant's other contentions regarding alleged misconduct by jury members, we note that the district judge thoroughly reviewed the evidence presented on this matter, and we agree with the district court's conclusion that defendant-appellant's arguments are without merit.

The judgment of the district court is affirmed.